1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )      CASE NO.    CR05-260 RSL
                               )
        v.                     )
                               )      DETENTION ORDER
KAHSAY MAMO ABRAHA,            )
a/k/a "K",                     )
                               )
              Defendant.       )
                               )

Offenses charged:

| | |
|---|---|
| Count 1: | Conspiracy to Distribute Cocaine Base, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846; |
| Count 2: | Conspiracy to Commit Kidnaping and Other Offenses, in violation of Title 18, U.S.C., Section 371; |
| Count 3: | Kidnaping, in violation of Title 18, U.S.C., Sections 1201(a)(1) and 2; |
| Count 4: | Interstate Transportation in Furtherance of Prostitution, in violation of Title 18, U.S.C., Sections 2422(a) and 2; |
| Count 5: | Interstate Travel in Aid of Racketeering, in violation of Title 18, |

DETENTION ORDER
PAGE -1-

1          U.S.C., Sections 1952(a)(2) and 2;

2    Count 6:    Interstate Transportation of a Stolen Vehicle, in violation of Title 18,

3          U.S.C., Sections 2312 and 2; and

4    Count 8:    Possession of Cocaine Base with Intent to Distribute, in violation of

5          Title 21, U.S.C., Section 841(a)(1) and 841(b)(1)(C).

6    Dates of Detention Hearings:  August 24, 2005 and August 26, 2005.

7          The Court, having conducted contested detention hearings pursuant to Title 18

8    U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention

9    hereafter set forth, finds that no condition or combination of conditions which the defendant

10   can meet will reasonably assure the appearance of the defendant as required and the safety

11   of any other person and the community.  The Government was represented by Todd

12   Greenberg.  The defendant was represented by Stephan Illa.

13         The Government urged the court to detain the defendant, emphasizing risk of flight

14   and danger to the community.   Supporting the risk of flight, the Government asserts that

15   contradictory information was given regarding the stability of the defendant's residence,

16   specifically that the defendant's claims were contradicted by the defendant's half-sister.

17   The Government stated that the defendant has no stable employment and no known

18   residence or address, adding that he had previously been arrested at his former residence

19   which was a stash or flop house.  The Government noted that guns and crack cocaine were

20   seized from that house at the time of the defendant's arrest.

21         Further supporting the defendant's risk of flight, the Government contended that

22   the defendant is not a U.S. Citizen, as supported by the defendant's sister and a Government

23   agent who confirmed that the defendant would likely be facing a Bureau of Immigration and

24   Customs Enforcement ("BICE") detainer.  According to the Government, the risk of flight

25   is heightened by the severity of penalties the defendant faces; the multiple counts carry life

26   imprisonment, combined with the drug counts carrying a 10-year mandatory minimum

DETENTION ORDER
PAGE -2-

imprisonment, adding that one victim was seventeen years of age at the time of the kidnaping, which may be considered by the Government at a later time. Finally, the Government maintains that the strength of the evidence is indeed strong and strongly urges the Court to detain the defendant.

As a danger to the community, the Government cited the nature of the offense as "troubling" because of the alleged violent kidnaping of the victims, taking them from Everett, Washington to Los Angeles, California where they escaped. The Government contends that photos of the victims corroborate the victims' description of having been severely beaten. Additionally, one victim was forced to work as a prostitute, which later enabled her escape. Of significant concern to the Government is the fact that both victims are at large in this community and would be at risk of danger should the defendant be released. Finally, the drug trafficking charges precede and post-date the kidnaping tending to corroborate law enforcement's belief that the defendant has been involved with drug trafficking "for a long time," as alleged in the Indictment.

The defendant's mental issues and reported drug and alcohol problem further heightens the risk of danger to the community. The Government cites the defendant's criminal history, which includes 14 arrests in the past 2 years - showing a disregard for the law. Other criminal history includes convictions and arrests, including an arrest in which crack cocaine and a firearm were seized, coupled with 3 occasions where the defendant was arrested with his co-defendant Daniel Ambaw.

The defense moves for release of the defendant with conditions, asserting that the Government's evidence is not really evidence - that it is instead proffer. The defense counters the Government's assertion of contradictions by offering that the defendant's employment and residence were actually confirmed by his sister, and that the important facts regarding the defendant's stability have been confirmed. Additionally, the defense contends that the Government's allegation of false statements stretches too far; that the

DETENTION ORDER
PAGE -3-

important facts are all confirmed.

In response to the Government's claim that the defendant has been arrested 14 times, the defense adds that these charges were all dismissed, providing that the Government was urging the Court to view the arrests as "lawbreaking" convictions. The defense maintains that the defendant always made his court appearances, and that his two drug convictions are really deferred sentences. The defense submits that the defendant's record of compliance with deferred sentences speaks volumes regarding the risk of flight.

The defense continues its argument by alleging that the Government wants to detain the defendant on the basis of what he might do, not what he has done; that no allegation exists that the victims have been or will be threatened. Pointing to purported weaknesses in the case, the defense argues that the Government's case relies on the words of two street-level drug users, referring to the victims, and ambiguous eye-witnesses to the drug charges. Lastly, the defense moves for release of the defendant under the condition that he be placed in a halfway house so that he may maintain employment, ties to the community, and drug rehabilitation while being under supervision. At the second hearing, the defense concedes that, in the event of a BICE detainer being filed, the defendant would not be eligible for release.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)    There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2)    Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

DETENTION ORDER
PAGE -4-

(a)   <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.</u>

The instant offense alleges - among other charges - the distribution of cocaine base and violent kidnaping, including the documented assault of the two victims.

(b)   <u>The weight of the evidence.</u>

The Court finds the weight of the evidence in the instant offense to be significant.  A stolen vehicle located in Las Vegas links the victims' statements to the crimes alleged; that the victims were kidnaped in Everett, Washington, transported to Los Angeles, California, beaten, and forced into prostitution where they escaped to the Los Angeles Police Department ("LAPD").  The victims' statements to the LAPD included information that the defendant was traveling to Las Vegas, where he was later found with the stolen vehicle, further corroborating the their statements.

(c)   <u>The history and characteristics of the person, including:</u>
<u>The person's character, physical and mental condition, family ties,  employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, the person was on probation, on parole,  on other release pending trial, sentencing, appeal, or completion of sentence of an offense under Federal, State, or local law.</u>

The defendant poses a flight risk as he is not a U.S. citizen and may face a BICE detainer; he has a history of mental illness and

DETENTION ORDER
PAGE -5-

substance abuse issues; he has unstable employment; and he has been a fugitive with no stable residence.  Moreover, this Court has communicated with the King County Drug Court in the defendant's pending state case and believes that the defendant, while appearing for court appearances, shows an inability or lack of desire to comply with conditions of release by missing UA's and support group meetings.

    (d)    <u>Risk of danger to the community.</u>

The seriousness of the allegations in the instant offense is of particular concern to the Court.  The allegations, when combined with the defendant's criminal history, two pending state court matters which are similar in nature to the instant offense, and substance abuse issues, suggest a disregard for the law and inability to comply with conditions of release and deferred sentencing/diversion.  Therefore, the Court finds that there is sufficient evidence pointing to the defendant's risk of danger to the community.

(3)    Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l)    The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving

DETENTION ORDER
PAGE -6-

1       sentences or being held in custody pending appeal;

2   (2)     The defendant shall be afforded reasonable opportunity for private

3           consultation with counsel;

4   (3)     On order of a court of the United States or on request of an attorney for

5           the Government, the person in charge of the corrections facility in which

6           the defendant is confined shall deliver the defendant to a United States

7           Marshal for the purpose of an appearance in connection with a court

8           proceeding; and

9   (4)     The clerk shall direct copies of this order to counsel for the United

10          States, to counsel for the defendant, to the United States Marshal, and to

11          the United States Pretrial Services Officer.

12  DATED this 12th day of September, 2005.

13

14

15          Monica J. Benton
16          United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

DETENTION ORDER
PAGE -7-